**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0353-20

NORMAN INTERNATIONAL,
INC., and RICHFIELD WINDOW
COVERINGS, LLC, d/b/a NIEN
MADE (USA), INC.,

      Plaintiffs-Appellants,

v.

ADMIRAL INSURANCE
COMPANY,

      Defendant-Respondent.

_____

        Submitted June 3, 2021 – Decided July 13, 2021

        Before Judges Alvarez and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Law
        Division, Morris County, Docket No. L-0177-19.

        The Killian Firm, PC, attorneys for appellants (Ryan
        Milun, on the briefs).

        Kinney Lisovicz Reilly & Wolff, PC, attorneys for
        respondent (Justin N. Kinney and Michael S. Chuven,
        of counsel and on the brief).

PER CURIAM

In this insurance coverage case, plaintiffs Norman International, Inc. (Norman) and Richfield Window Coverings, LLC (Richfield) appeal from two orders entered on September 14, 2020 granting summary judgment to defendant Admiral Insurance Co. and denying Richfield's motion for summary judgment. Having carefully reviewed the record, and in light of the applicable legal principles, we reverse and remand.

We discern the following material facts from the record before us, viewed in the light most favorable to plaintiffs, the non-moving parties. Polzo v. Cnty. of Essex, 209 N.J. 51, 56 n.1 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)). Richfield is owned by Norman which, in turn, is owned by Nien Made Enterprise (Nien Made). Norman manufactures window coverings, including blinds, shades, and shutters, that are sold by Richfield to national retailers like Home Depot. Norman is also involved with certain "corporate functions," which include procuring insurance.

Richfield sells the products to Home Depot through a "Supplier Buying Agreement" for a flat fee. Richfield provides Home Depot with blind cutting machines, designed and manufactured by Nien Made, which are operated only by Home Depot employees to modify its products for Home Depot customers.

2

Defendant issued Norman a commercial general liability policy, effective from 2017 to 2018, under which Richfield and Nien Made are "Named Insureds." Under the policy, defendant had the duty to defend and to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." However, defendant had "no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

In that regard, the insurance agreement between the parties had several relevant exclusions. The "Injury to Independent Contractors Exclusion" reads, in part:

> It is agreed this insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" to:
>
> 1. Any independent contractor hired directly or indirectly by you or on your behalf;
>
> 2. Any employee of any independent contractor hired directly or indirectly by you or on your behalf . . . .

The "Designated New York Counties Exclusion" reads, in pertinent part, that:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury", including costs or expenses, actually or

A-0353-20

allegedly arising out of, related to, caused by, contributed to by, or in any way connected with:

> (1) Any operations or activities performed by or on behalf of any insured in the Counties shown in the Schedule above . . . .

Nine counties are listed, one of which is Nassau County.

Under the "Added Coverages" section of the "Manufacturers and Distributors Enhanced Coverage" provision, it reads:

> It is agreed "your product" includes "engineering and design work" performed by you and which is incorporated by you into "your product"; however, this insurance does not apply to:
>
> > (1) "Engineering and design work" performed by others on your behalf; or
> >
> > (2) "Engineering and design work" performed by you for others.
>
> For the purposes of this endorsement, "engineering and design work" means the making, drawing, planning, drafting, formulating or developing . . . a plan, specification or formula.[1]

---

[1] Defendant argues that, in the event we reverse the motion judge's order, it is nonetheless entitled to a declaration that it has no obligation to indemnify plaintiffs pursuant to this provision. We decline to reach defendant's argument since this issue was not addressed by the motion judge. See Ins. Co. of N. Am. v. Gov't Emps. Ins. Co., 162 N.J. Super. 528, 537 (App. Div. 1978) (declining to resolve on appeal an issue not addressed by the trial court).

A-0353-20

During the policy period, Colleen Lorito, a Home Depot employee, was injured while operating the blind cutting machine at a store located in Nassau County. She and her husband filed a complaint in Nassau County against Nien Made alleging negligent design, breaches of express and implied warranties, failure to warn, as well as strict liability for both manufacturing and design defects.

In October 2018, after Richfield provided notice of the pending claim, defendant denied any obligation to defend or indemnify Richfield pursuant to the "Injury to Independent Contractors Exclusion," the "Designated New York Counties Exclusion," and the "Manufacturers and Distributors Enhanced Coverage" provision. After unsuccessfully challenging the denial of coverage, Richfield filed a Law Division complaint against defendant seeking a declaratory judgment that it was entitled to defense under the policy. After defendant filed an answer, the parties filed competing motions for summary judgment.

From the bench, the judge determined that the "Injury to Independent Contractors Exclusion" was inapplicable under the circumstances.[2] He reserved

---

[2] Apparently satisfied with that ruling, defendant did not file a cross-appeal. In the absence of a cross-appeal, we will not address this issue. See Walrond v. Cnty. of Somerset, 382 N.J. Super. 227, 231 n. 2 (App. Div. 2006).

his decision with respect to the applicability of the "Designated New York Counties Exclusion." On September 14, 2020, the motion judge granted defendant's motion, denied Richfield's motion, and dismissed plaintiffs' complaint. In his accompanying written opinion, the judge found persuasive the fact that "Richfield assists with the regular maintenance and repair work of the machines," "assists in the employee training for the machines," "is the contact for troubleshooting issues with the machines," and "performs cleaning of the machines." The judge concluded that these operations and activities were sufficient to trigger the "Designated New York Counties Exclusion" because they were directly related to the blind cutting machine and were essential to the business relationship between Richfield and Home Depot.

On appeal, plaintiffs raise the following arguments for our consideration:

> POINT I
>
> EXCLUSIONARY LANGUAGE IN AN INSURANCE POLICY DOES NOT APPLY IN A VACUUM. HERE, THE TRIAL COURT ERRED BY APPLYING THE "DESIGNATED NEW YORK COUNTIES" EXCLUSION WITHOUT CROSS-REFERENCING AND COMPARING WHETHER THE ALLEGATIONS IN THE UNDERLYING LORITO COMPLAINT ACTUALLY TRIGGERED THE EXCLUSION.

A-0353-20

POINT II

THE STATEMENTS BY POMS, RICHFIELD'S FORMER INSURANCE BROKER, WHICH WERE MADE OUTSIDE THE SCOPE OF ITS AUTHORITY[,] ARE NOT BINDING AND CANNOT CHANGE THE ALLEGATIONS OF THE COMPLAINT, WHICH GUIDE THE COVERAGE ANALYSIS.

It is well-settled that we review a summary judgment decision by "the same standard that governs the motion judge's determination." RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged" and the party seeking this relief "is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "[U]nder the indulgent summary-judgment standard of review," Polzo, 209 N.J. at 75, courts must consider the factual record, and reasonable inferences that can be drawn from those facts, "in the light most favorable to the non-moving party," to decide whether the moving party was entitled to judgment as a matter of law. IE Test, LLC v. Carroll, 226 N.J. 166, 184 (2016) (citing Brill, 142 N.J. at 540).

A-0353-20

"The interpretation of an insurance contract is a question of law for the court to determine, and can be resolved on summary judgment." Adron, Inc. v. Home Ins. Co., 292 N.J. Super. 463, 473 (App. Div. 1996) (citing Weedo v. Stone-E-Brick, Inc., 155 N.J. Super. 474, 479 (App. Div. 1977)). An insurance contract "will be enforced as written when its terms are clear in order that the expectations of the parties will be fulfilled." Flomerfelt v. Cardiello, 202 N.J. 432, 441 (2010). We interpret an insurance policy in accordance with the document's "plain and ordinary meaning." Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 525 (2012) (quoting Flomerfelt, 202 N.J. at 441). Any ambiguities "are construed against the insurer and in favor of the insured." Flomerfelt, 202 N.J. at 441. Exclusionary clauses, however, "are typically construed narrowly with the onus 'on the insurer to bring the case within the exclusion.'" Mem'l Props., LLC, 210 N.J. at 528 (quoting Flomerfelt, 202 N.J. at 442).

Turning to the "Designated New York Counties Exclusion," there is no dispute that Lorito's injuries were sustained in Nassau County. Thus, that exclusion applies only if Lorito's "bodily injury" actually or allegedly arose out of, was related to, was caused by, was contributed to by, or was in any way

connected with any "operations or activities performed by or on behalf of" plaintiff. We conclude that it was not.

"[A]n insurer's duty to defend an action against the insured is measured by the allegations contained in the complainant's pleadings." Voorhees v. Preferred Mut. Ins. Co., 246 N.J. Super. 564, 569 (App. Div. 1991). "As a practical matter, the determination of an insurer's duty to defend requires review of the complaint with liberality to ascertain whether the insurer will be obligated to indemnify the insured 'if the allegations are sustained.'" Abouzaid v. Mansard Gardens Assocs., LLC, 207 N.J. 67, 79 (2011) (quoting Danek v. Hommer, 28 N.J. Super. 68, 77 (App. Div. 1953)). "[T]he complaint should be laid alongside the policy and a determination made as to whether, if the allegations are sustained, the insurer will be required to pay the resulting judgment, and in reaching a conclusion, doubts should be resolved in favor of the insured." Flomerfelt, 202 N.J. at 445 (quoting Danek, 28 N.J. Super. at 77). "[I]t is the nature of the claim asserted, rather than the specific details of the incident or the litigation's possible outcome, that governs the insurer's obligation." Id. at 444 (citing Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 512 (1965)).

Even viewing the complaint filed by the Loritos with liberality, we conclude that Richfield's limited activities and operations have no causal

relationship to the causes of action or allegations therein. The complaint alleges six distinct causes of action: negligent design, breaches of express and implied warranties, failure to warn, and strict liability for both manufacturing and design defects. These claims have no relationship with the maintenance or repair of the blind cutting machines, the training of Home Depot employees, or the cleaning of the machines. Because any "doubts should be resolved in favor of the insured," Flomerfelt, 202 N.J. at 445 (quoting Danek, 28 N.J. Super. at 77), we conclude the motion judge erred in granting summary judgment to defendant on the basis of the "Designated New York Counties Exclusion."

To the extent we have not addressed defendant's remaining arguments, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reverse and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0353-20